*J. Crentz & Son, for appellant.     J. R. Hallam, for appellees.*

---

MARY L. STEMBRIDGE, ET AL., *v.* JAMES A. STEMBRIDGE, ET AL.

**Validity of Guardian's Bond.**

Dating a guardian's bond is not necessarily essential to its validity; but recitals in the order of appointment that a bond was given and of the name of the surety are necessary and material to such validity, and where there is a conflict in the bond and order as to the date of a bond the court will rely upon the order, and not the bond, to ascertain the date of the bond.

38

**Liability of Guardian's Bondsmen.**

> The fact that the order appointing a guardian recites that the bond was executed on a day different from that shown in the bond, and recites the appointment of a guardian of two infants, while the bond is as guardian of one only, will not render such a bond invalid, nor release said guardian and his bondsmen from liability thereon.

### APPEAL FROM DAVIESS CIRCUIT COURT.

April 27, 1880.

OPINION BY JUDGE COFER:

This was a suit on what purports to be the official bond of Jas. A. Stembridge, guardian of Mary L. Stembridge. The administrator of the surety defended on the ground that the bond had never been accepted or approved by the county court, and consequently never became binding upon his intestate.

The order of the county court bears date February 13, 1871, and purports to appoint Jas. A. Stembridge as guardian of Mary and Lorena Stembridge, infant orphans, under 14 years of age, of W. M. Stembridge, "Wherefore he (Jas. A. Stembridge) took the oath required by law, and executed bond with G. W. Stembridge as his surety conditioned according to law."

The bond sued upon is in the usual form, and was signed by G. W. Stembridge, but bears date on the 15th of February, two days subsequent to the date of the order. The date is not an essential part of the bond, and its only effect in this case is as evidence conducing to prove that it was in fact executed on the day it bears date, and not on the day the order was made. But the order recites that a bond was executed on the day the order was made, and there being no claim that more than one bond was in fact signed, we are brought to the point of deciding which is to be regarded as true, the recital in the order that the bond was executed on the day the order was made or the date of the bond. In choosing between them we cannot hesitate to prefer to rely upon the order. The order is the act of the court recorded by the clerk and signed by the judge; dating the bond was the act of the clerk alone.

The recitals in the order that a bond was given and of the name of the surety were necessary and are material, while dating the bond was not necessary to its validity. That the order recites the appointment of a guardian of two infants, Mary and Lorena, and the bond is "as guardian to Mary L. Stembridge", is not deemed at all

important.   There was, in fact, but one person for whom a guardian was appointed, and that person was named Mary Lorena Stembridge.  But if there were two the circumstance that the ward was called Mary in the order and Mary L. in the bond would not affect the decision of the case.

There is nothing in the case of *Fletcher v. Leight,* 4 Bush 303, inconsistent with this conclusion.  That case was decided on the ground that one of the sureties named in the order as such did not sign the bond, and all that was decided was that this omission released those who did sign it.

Judgment *reversed* and cause remanded with direction to render judgment against Jas. A. Stembridge, the administrator of G. W. Stembridge, for the amount which remained in the hands of his principal.

*Little & Slack, for appellants.   Geo. W. Jolly, for appellees.*